Filed 9/9/24  P. v. Stevenson CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARRYL STEVENSON, JR.,<br><br>    Defendant and Appellant. | F086898<br><br>(Super. Ct. No. CF02671870)<br><br><br>**OPINION** |

<u>THE COURT</u>[*]

APPEAL from an order of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

Appellate counsel for defendant Darryl Stevenson, Jr., has filed an opening brief summarizing the pertinent facts and raising no issues but asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes a declaration from appellate counsel stating defendant was advised of his right to file a brief of his own with this court. By letter dated June 20, 2024, we also invited defendant to submit additional briefing. Defendant has not filed a response.

This appeal comes to our court following a remand in *People v. Stevenson* (Dec. 29, 2022, F081656) [nonpub. opn.] (*Stevenson I*), requiring the trial court to conduct a new hearing on defendant's Penal Code[1] section 1172.6 petition for resentencing. Following a new evidentiary hearing on defendant's section 1172.6 petition, the trial court again denied the petition requesting resentencing.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the facts and the procedural history of this case. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On this court's own motion, we take judicial notice of our prior opinion in *Stevenson I*, *supra*, F081656 pursuant to Evidence Code sections 452, subdivision (d) and 459. We adopt relevant portions of the procedural and factual summary from this prior opinion:

> "In April 2002, defendant drove John Shepheard to a location where Shepheard immediately engaged in a fight with Burnest Williams. After watching the fight for a while, defendant retrieved a handgun from a truck and pointed it at the head of K.R. K.R. alerted Williams that defendant had a gun. The fighting stopped, and Shepheard told defendant to put the gun down as he only wanted to fist fight. After defendant returned the gun to

---

[1]    All further statutory references are to the Penal Code, unless otherwise specified.

2.

the truck, Williams started to fight with defendant.  At this point, Shepheard retrieved the gun from the truck and fired two shots into the air, telling the crowd to 'back up.'  Defendant and Shepheard then returned to the truck.  As soon as defendant started the truck, he turned it around, jumped a curb, and started driving toward Williams and K.R.  While K.R. was hit, he was able to run away.  Williams, however, was pinned under the truck.  Shepheard then reached out of the passenger side window with a gun and shot Williams four or five times.  Williams died from the gunshot wounds.

"In January 2003, defendant was convicted of second degree murder after the jury was given an instruction utilizing the 'natural and probable consequences' doctrine.  Defendant was eventually sentenced to 15 years to life for the second degree murder conviction and an additional year for a firearm enhancement, which would run consecutive to the main term.

"In 2019, defendant filed a petition with the trial court pursuant to section 1170.95[2] after legislative changes made it possible to challenge his conviction for second degree murder.  After finding a prima facie case had been made on the petition, the trial court set the matter for an order to show cause (OSC) hearing, as contemplated by the statute.

"The OSC hearing was held on August 24, 2020.  No new evidence was presented during the hearing, focusing instead on arguments made by both the People and defendant's counsel.  The trial court stated it had reviewed the entire transcript of defendant's previous trial with the understanding that any findings he made in this proceeding could no longer include the concept of the 'natural and probable consequences doctrine.'  The court noted, however, that the People still had the opportunity to present evidence 'to a standard of beyond a reasonable doubt the defendant could be found guilty in another way in this case as a direct aider and abettor.'  The court further indicated this was not a felony-murder case and the People had to show defendant was a direct aider and abettor.

"During this evidentiary hearing, the trial court continued to recognize that the evidence had to establish defendant was guilty beyond a reasonable doubt.…"  (*Stevenson I*, *supra*, F081656.)

At the end of the hearing, however, the trial court specifically stated:

---

**2**      Former section 1170.95, which was originally cited in our prior opinion, was renumbered as section 1172.6 without substantive change, effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  As a result, we now cite only to section 1172.6.

"[T]here is evidence from within the record *that the jury could conclude* beyond a reasonable doubt that [defendant] aided and abetted Mr. Shephe[a]rd with the specific intent that Mr. Shephe[a]rd kill the victim as was alleged. And, therefore, the petition is denied." (*Stevenson I*, *supra*, F081656.)

When considering defendant's appeal, we reviewed recent appellate court decisions addressing resentencing pursuant to section 1172.6 and legislative changes made to section 1172.6. As a result, we determined there was a need to remand defendant's case to the trial court to conduct a new hearing on defendant's section 1172.6 petition:

"While the court recognized the importance of finding evidence that a jury could rely on to find defendant guilty beyond a reasonable doubt of second degree murder as an aider and abettor, there is no clear indication in the record that the court understood its duty was to act as an independent fact finder. The trial court's repeated references to evidence the jury could have relied on to find defendant guilty beyond a reasonable doubt suggest the court concluded defendant could be found guilty of second degree murder under the new legal standard, as opposed to concluding the People proved beyond a reasonable doubt defendant was guilty of second degree murder." (*Stevenson I*, *supra*, F081656.)

Following the remand of this case, the trial court held a new hearing on the petition on August 8, 2023. In addition to the original trial transcripts and related evidence, new evidence introduced at the hearing by defendant included a recording of an interview with K.R., a participant in the 2003 incident that had recently been discovered, the testimony of another witness who was also present at the time, and defendant's testimony.

During the section 1172.6 hearing, defendant testified he drove to the site of the incident after Williams asked him to participate in a fight. When he arrived, a fight was already in progress. While defendant admitted having a gun in his possession, he testified he did not plan to use it and never pointed the gun at anyone. Defendant claimed his intent was only to watch the fight, and not to participate. Despite this stated intent, defendant did actually engage in a fight after he was called out by others, causing him to

4.

put the gun in his truck before engaging in a new fight with Williams. Defendant stated when the fight was over he shook Williams's hand before he got into his truck to leave. However, when he heard gunshots, defendant knew police would arrive soon, so he made the decision to leave quickly. Because so many people were surrounding his truck, defendant testified he had to make a turn toward a driveway because he could not simply drive out straight. After hearing gunshots, defendant ducked and accidentally crashed into a fence. Defendant believed the shots were aimed at him. Defendant insisted he never "ran over" Williams.

During cross-examination, defendant admitted that he was in possession of a gun and that this testimony was in conflict with the testimony he provided at his trial when he stated he was not armed. Defendant suggested his testimony in the original trial was affected by a gang "culture" he was adhering to at the time. Defendant also recalled Shepheard, who was in the passenger seat of the truck, took his gun and shot Williams while he was between the truck and the fence. Defendant insisted he never "pinned" Williams between his truck and the fence.

Testimony was also provided by an acquaintance of defendant's who was present when the fight occurred and Williams was shot. This witness offered testimony that many people surrounded defendant's truck as he tried to leave, and that he then observed the truck make a sharp turn. The testimony seemed to be offered to confirm certain aspects of defendant's own testimony. The recording of an interview with K.R. from 2002 was entered into evidence, and provided K.R.'s eyewitness recollection of the incident when Williams was shot. K.R. described the chaos of the events, saying numerous times that defendant "ran over" Williams, but that Shepheard shot Williams.

The trial court took a little over a month to review all the evidence introduced at the hearing on defendant's petition, along with the transcript of the original trial. When issuing its ruling on September 12, 2023, the court noted it was acting as an independent factfinder and not commenting on what the jury could have found based on the evidence.

5.

Significantly, while summarizing the evidence that supported its findings, the court stated:

> "The Court finds there's clearly sufficient evidence to conclude—as this Court does independently—the Defendant is guilty of second degree murder beyond a reasonable doubt, as a direct aider and abettor, with specific intent to kill, without relying on a theory of felony murder or natural and probable consequences. [¶] … [¶]
>
> "The Court therefore concludes as a credibility determination, the Defendant's credibility and his claim that[] it was an accidental shooting were lacking, and therefore finds, again, to a standard of beyond a reasonable doubt, independently, that the Defendant committed the murder under an aiding and abetting theory. I've reviewed the jury instructions that are necessary to establish such a theory and find each was established beyond a reasonable doubt."

The court then denied defendant's petition for resentencing.[3] A notice appealing the denial of defendant's petition was filed on September 19, 2023.

## DISCUSSION

Having carefully reviewed the entire record, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.) Our review of the entire record further convinces this court that substantial evidence supports the findings made by the trial court, using the appropriate standard of review, that defendant was guilty of second degree murder beyond a reasonable doubt, as a direct aider and abettor, with a specific intent to kill. (See § 189, subd. (e)(2).)

Following "the denial of a section 1172.6 petition after an evidentiary hearing, we review the superior court's factual findings for substantial evidence and the court's application of the law to those facts de novo." (*People v. Hill* (2024) 100 Cal.App.5th 1055, 1066.) We review the entire record in the light most favorable to the findings made

---

[3] After the trial court issued its ruling on defendant's section 1172.6 petition, the court allowed defendant to create a record that could potentially be important to a future hearing conducted pursuant to *People v. Franklin* (2016) 63 Cal.4th 261. That portion of the hearing does not raise any viable issues for an appeal at this time.

by the trial court, and "we presume ' " 'every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence.' " ' " (*Ibid*.) We then "ask 'whether substantial evidence, defined as reasonable and credible evidence of solid value, has been disclosed, permitting the trier of fact to find guilt beyond a reasonable doubt.' " (*Ibid*.) We conclude the findings made by the trial court satisfy this standard of review.

## **<u>DISPOSITION</u>**

The order denying defendant's section 1172.6 petition requesting resentencing is affirmed.